**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMY GOFF-COHEN, | |
| Plaintiff, | Civil Action No. 20-15688 (MAS) (DEA) |
| v. | OPINION |
| SUSAN UNGER COHEN, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Tammy Goff-Cohen's amended complaint (ECF No. 5) in this prisoner civil rights matter. As Plaintiff has previously been granted *in forma pauperis* status in this matter (ECF No. 4), this Court is required to screen her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety.

**I.      BACKGROUND**

Plaintiff is a state criminal detainee currently confined in the Monmouth County Correctional Institution. (ECF No. 5 at 2-3.) Her current complaint arises out of events related to her divorce and child custody matters, which also appear to be in some way related to her current detention. (*Id.* at 3-8.) In March 2019, while Plaintiff was in divorce proceedings with her husband, Erik Neal Cohen, her mother-in-law, Susan Unger Cohen, who is apparently the mayor

of the town in which they live, allegedly "filed a false police report" against Plaintiff in order to secure a restraining order against her. (*Id.* at 6.) This led to proceedings before Judge Angela Dalton, a Monmouth County superior court judge who was friends with Susan Cohen, who eventually signed a restraining order in October 2019 which led to Plaintiff being separated from the child she shares with Erik Cohen. (*Id.* at 5-8.) Susan Cohen also filed for a restraining order in municipal court, which was granted by another acquaintance of hers, Judge James M. Newman. (*Id.* at 5.) Plaintiff alleges that this order also in some way limited her free speech and child custody rights. (*Id.*) Plaintiff does not clearly spell out the nature of either restraining order.

Plaintiff also seeks to raise a claim against Sylvia Brietowich, a private attorney. (*Id.* at 5.) Ms. Brietowich was apparently hired by Plaintiff's husband, and "stole a class action lawsuit from" Plaintiff, apparently out of loyalty or in service to Plaintiff's husband. (*Id.*) Although Plaintiff asserts that Ms. Brietowich was acting as her attorney, she also states that Judge Dalton clarified that Ms. Brietowich "worked for Erik" and not for Plaintiff. (*Id.*) It is thus not clear who Ms. Brietowich actually represented, or what role she actually had.

Ultimately, Plaintiff alleges that all of these issues and proceedings are a result of her husband and mother-in-law "bribing, colluding, [and] conspiring" with their friends to have her arrested and removed from her child's life. (*Id.* at 6.)

## II.  LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.   **DISCUSSION**

In her complaint, Plaintiff wishes to raise federal civil rights claims pursuant to 42 U.S.C. § 1983 against a number of individuals including her husband, who appears to be a private citizen, her mother-in-law, who is a town mayor but whose actions in the complaint relate solely to her personal relationship with Plaintiff, a private attorney, and two state judges.  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under color of state law."  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  In determining whether an individual acts under color of state law, the court must determine whether the defendants "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Zenquis v. City of Philadelphia*, 861 F. Supp. 2d 522, 528 (E.D. Pa. 2012) (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995)).  Private citizens, or those acting only in a private capacity are generally not liable under the statute. *Id.*  Private parties can be held liable, however, where they are involved in a conspiracy with state officials who improperly use state authority to accomplish the conspiracy's goals by depriving a plaintiff of some protected right.  *Id.*  In order to plead a conspiracy, however, a plaintiff may not simply assert that a conspiracy existed.  A plaintiff must actually plead facts indicating agreement by the parties to form such a conspiracy and concerted action by the alleged conspirators.  *Id.* at 528-29; *see also Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result insufficient to show conspiracy as conspiracy requires showing of actual agreement and concerted action).

In her complaint, Plaintiff fails to plead any facts showing an actual meeting of the minds, agreement, or concerted action. As such, she may not rely on her mere assertion of a conspiracy to connect Defendants to her claims. As all of the actions attributed to Defendant Susan Unger Cohen are related to her actions (such as filing police reports) as a private citizen, and as both her husband Erik Cohen and their private attorney do not appear to have been acting under color of state law at any time during the complaint's timeline, she may not raise a § 1983 claim against any of these three Defendants. Plaintiff's § 1983 claims against the Cohens and Ms. Brietowich are therefore dismissed without prejudice for failure to state a claim for relief.

The two remaining Defendants, Judges Dalton and Newman, are connected to Plaintiff's claims solely by acts they took in their official capacities as state and municipal judges. Judges, however, are absolutely immune from suit under § 1983 for claims related to their judicial duties save for when those actions are taken in the clear absence of any jurisdiction. *See, e.g., Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2000) ("judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"). As Plaintiff pleads no facts indicating a complete lack of jurisdiction, and all the complained of acts relate to Defendants' actions as state or municipal judges, they fully appear to be immune from suit in this matter. Plaintiff's claims against them are therefore also dismissed at this time.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
